[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11171
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20615-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS ROBAINA,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 28, 2020)

Before ROSENBAUM, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Louis Robaina appeals following his conviction for one count of conspiring to commit health care fraud and wire fraud and two counts of money laundering, and his 85-month total sentence. The charges arose out of Robaina's involvement in a scheme to fraudulently obtain kickbacks and reimbursements from Blue Cross Blue Shield of Florida (BCBS-FL) via two Florida corporations: Culumbia Rehab Medical Center Corporation (Culumbia) and Esmeralda Medical Center Corporation (Esmeralda Medical). The indictment alleged Robaina, the registered agent and President of Culumbia, conspired with Ibelis Hernandez, the registered agent and President of Esmeralda Medical, and others to defraud BCBS-FL by paying kickbacks to patient recruiters who referred patients to Culumbia and Esmeralda Medical for health care services that were never provided and then submitting the fraudulent claims to BCBS-FL for reimbursement.

On appeal, Robaina raises three issues. First, Robaina argues the district court erroneously admitted extrinsic other acts evidence under Federal Rule of Evidence 404(b). Second, he contends the district court erred by failing to give a curative instruction following the prosecutor's improper statements during closing arguments. Lastly, Robaina argues the district court erred in calculating his guideline range because it improperly (1) determined the amount of loss for which he was responsible, (2) imposed an aggravating role enhancement, and (3) enhanced his offense level for obstruction of justice.

After review, we affirm.

## I.  RULE 404(b) EVIDENCE

Robaina first challenges the district court's admission of other acts evidence that he insists constituted impermissible propensity evidence.  Prior to trial, the government filed a notice of intent to introduce evidence that Robaina previously owned and (along with Hernandez) operated Staffing Solutions and More (Staffing Solutions), a staffing company that purported to provide licensed physical therapists to HHAs when, in reality, it sent unlicensed therapists to visit patients and obtain their signatures on medical documents.  The court ruled that the evidence would not be admitted generally, but would be admissible if Robaina "opened the door" in some way.  At trial  Robaina testified in his own defense and, on cross-examination, claimed he had no knowledge that Hernandez had engaged in any fraudulent conduct while working at Staffing Solutions.  At that point, the Staffing Solutions evidence was admitted, and Robaina did not object.

The district court did not err in admitting the Staffing Solutions evidence.[1] While evidence of uncharged, criminal activities generally is considered

---

[1] The parties dispute the standard of review we should apply to the admission of this evidence.  Ordinarily, a district court's evidentiary rulings are reviewed for an abuse of discretion.  *United States v. Flanders*, 752 F.3d 1317, 1334 (11th Cir. 2014).  If, however, a party fails to preserve an evidentiary objection through contemporaneous objections, we review only for plain error.  *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007); *see also United States v. Wilson*, 788 F.3d 1298, 1313 (11th Cir. 2015).  The government argues we should apply plain-error review, as Robaina did not offer a contemporaneous objection when the evidence was admitted at trial, though he did contest the government's initial notice of intent to introduce the

3

inadmissible, extrinsic evidence under Rule 404, intrinsic evidence is admissible if it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998).

The Staffing Solutions evidence falls into the third category and thus was not subject to exclusion under Rule 404(b). This Court addressed a similar issue in *United States v. Nerey*, 877 F.3d 956 (11th Cir. 2017). There, the defendant was charged with various crimes related to his role as a patient recruiter and his receipt of kickbacks in a complex healthcare fraud scheme. 877 F.3d at 962. We held the district court did not err in admitting evidence of the defendant's involvement with other HHAs because it was inextricably intertwined with, and probative of, how the defendant became familiar with the HHAs involved in the charges against him, and the evidence explained the full extent of his relationship with other co-conspirators. *Id.* at 975, 977.

Similarly, here, Robaina's involvement with Staffing Solutions provided necessary background information concerning how he came to work with Hernandez and how he came to operate the clinics that engaged in the fraudulent

---

evidence. We need not resolve this dispute here, however, as we affirm the district court's evidentiary ruling even under an abuse of discretion standard of review.

activity at issue.   His involvement with Staffing Solutions was temporally and circumstantially related to his charged offenses because he incorporated Staffing Solutions four years before he incorporated Culumbia, both companies committed similar fraudulent activities involving the purported provision of medical treatment to health care beneficiaries, and he and Hernandez were significant actors in both companies.  *See United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985) ("Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.").

Moreover, even assuming the evidence were extrinsic, it would still have been admissible under Rule 404(b).  Extrinsic evidence of uncharged conduct is admissible under Rule 404(b) for non-propensity purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2); *see United States v. Lehder-Rivas*, 955 F.2d 1510, 1515-16 (11th Cir. 1992).   Here, Robaina claimed that he did not know that Hernandez had participated in other fraudulent schemes and did not know that she was committing fraud through Culumbia, and his involvement with her in a prior insurance fraud scheme was admissible to show

5

that his acts were without mistake and with the intent to defraud health care companies.  Accordingly, we affirm as to this issue.

## II.  PROSECUTOR'S STATEMENTS

Robaina next challenges the district court's failure to issue a curative instruction following two statements during the prosecutor's closing argument. The first concerned Robaina's contention he did not commit fraud because he used all the cash he withdrew from Culumbia's accounts to purchase new equipment for the clinic.  The prosecutor asked the jury whether they "actually believe that [Robaina] spent $195,000 on all of this [new equipment], and, yet, there is not a single record?"  Robaina objected that this impermissibly shifted the burden to him to produce exculpatory evidence.  The second statement was in response to Robaina's testimony that he trusted Hernandez.  The prosecutor stated that "[s]he might be one of the last people in Miami-Dade County that I would have trusted with giving the keys to my business to, one of the absolute last people."  Robaina objected that in making the statement, the government had impermissibly offered its opinion of a witness.

The district court overruled the objections.  As to the first statement, the district court found it did not impermissibly shift the burden because Robaina had been the one who had "brought in" the issue by testifying he had used the money he withdrew to purchase new equipment.  As to the second statement, the district

6

court acknowledged it may have been improper, but found it unlikely the comment "would have influenced the outcome" as it was such a "de minimis" part of the prosecutor's overall closing argument.  The district court further noted it had cautioned the jury through the trial that the arguments of counsel are not evidence.

The district court did not err in failing to give a curative instruction following the prosecutor's statements during closing argument.[2]  Prosecutorial misconduct during closing arguments, such as an improper burden-shifting argument, requires a new trial only where (1) the prosecutor's remarks were improper, and (2) the remarks prejudicially affected the defendant's substantial rights.  *Nerey*, 877 F.3d at 970.  The second prong of the test is met where there is a reasonable probability that, but for the improper statements, the outcome of the case would have been different.  *Id*.

The challenged remarks here were not improper because they merely urged the jury to draw reasonable inferences from the evidence presented at trial.  *See United States v. Reeves*, 742 F.3d 487, 505 (11th Cir. 2014) ("The purpose of closing argument is to assist the jury in analyzing the evidence, and although a prosecutor may not exceed the evidence presented at trial during her closing argument, she may state conclusions drawn from the trial evidence.").

---

[2] We review determinations regarding prosecutorial misconduct *de novo*.  *Nerey*, 877 F.3d at 969.

Moreover, even assuming the statements were improper, they did not affect Robaina's substantial rights.  *See Nerey*, 877 F.3d at 970.  That is, there is no reasonable probability the prosecutor's statements affected the outcome of the trial.  The jury had before it ample evidence from which it could have drawn the conclusions the prosecutor was urging.  And, importantly, although the district court did not offer a specific curative instruction, it did instruct the jury that (1) the law did not require Robaina to produce any evidence, and (2) the lawyers' statements were not evidence.  Robaina has therefore failed to show the prosecutor's statements, even if improper, require reversal.  Accordingly, we affirm as to this issue.

## III.  SENTENCING ISSUES

Finally, Robaina challenges three aspects of the district court's application of the Sentencing Guidelines: (1) the loss amount for which he was held responsible; (2) its imposition of an aggravating-role enhancement; and (3) its imposition of an obstruction-of-justice enhancement.  We address each issue in turn.[3]

---

[3] This Court reviews *de novo* the district court's interpretation of the guidelines and its application of guidelines to the facts. Findings of fact by the trial court at sentencing, however, are reviewed for only clear error. *United States v. Medina*, 485 F.3d 1291, 1297, 1303 (11th Cir. 2007) (loss amount); *United States v. Shabazz*, 887 F.3d 1204, 1222 (11th Cir. 2018) (aggravating role); *United States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002) (obstruction of justice).

A. *Loss Amount*

Robaina argues the district court improperly included claims filed by Esmeralda Medical (of which Hernandez was the registered agent and President) in the loss amount. According to Robaina, only the claims filed by Culumbia should have been used to calculate the loss attributable to him.

In kickback cases such as this one, the base offense level should be increased, under § 2B1.1, "[i]f the greater of the value of the bribe or the benefit conferred . . . exceeded $6,500." U.S.S.G. § 2B4.1(b)(1)(B). The "value of the improper benefit conferred" refers to "the value of the action to be taken or effected in return for the bribe." *Id.* § 2B4.1 comment. (n.2). Where the criminal activity is jointly undertaken, "the relevant conduct includes acts and omissions of others that were (1) within the scope of the jointly undertaken criminal activity, (2) in furtherance of that criminal activity, and (3) reasonably foreseeable in connection with that criminal activity." *Nerey*, 877 F.3d at 978.

The district court here did not clearly err in calculating the amount of loss for which Robaina was responsible. While Robaina may, on paper, have been involved only with Culumbia, the losses resulting from the fraudulent claims filed by Esmeralda Medical were nonetheless foreseeable in connection with the conspiracy. *See id.* at 978. The evidence at trial showed that (1) Robaina and Hernandez conspired together to file fraudulent healthcare claims, (2) Culumbia

9

and Esmeralda Medical occupied the same office space, (3) Robaina regularly visited both clinics, (4) Hernandez testified she and Robaina operated the clinics together, (5) Culumbia and Esmeralda Medical shared the same assistant (who Robaina paid), and (6) the clinics paid kickbacks to the same recruiters.

Given this evidence, we cannot say it was clear error for the district court to include fraudulent claims filed by Esmeralda Medical in the loss amount attributable to Robaina.

### B.  Aggravating Role

Robaina next contends the district court improperly imposed an enhancement based on its finding he was an organizer or leader of the conspiracy. He insists there was no evidence he directed the recruiters, billers, doctors, or therapists.

Section 3B1.1 of the United States Sentencing Guidelines calls for a four-level enhancement in a defendant's base offense level if he was an organizer or leader of a criminal activity that involved either five or more participants or was otherwise extensive.  U.S.S.G. § 3B1.1(a).  To establish a defendant acted as an organizer or leader, "section 3B1.1 requires the exercise of some authority in the organization, the exertion of some degree of control, influence, or leadership." *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009) (quotation marks

and alterations omitted).  In assessing whether a defendant was an organizer or leader, we consider the following factors:

> (1) the exercise of decision making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others.

*Shabazz*, 887 F.3d at 1222.

Here, the district court did not err in determining that Robaina was an organizer or leader.  The evidence showed that he incorporated Culumbia and was its registered agent and President.  It further showed Robaina made the decision to pay one of the patient recruiters as a "consultant" for Culumbia, signed the recruiter's checks (as the sole signatory on Culumbia's bank account) and instructed that the recruiter be paid in laundered funds.  This provided a sufficient basis for the district court to find Robaina exercised significant decision-making authority, and the court did not err in increasing his base offense level based on his role in the conspiracy.

### C. *Obstruction of Justice*

Robaina's last objection to the district court's guidelines calculation concerns the court's imposition of an enhancement for obstruction of justice.  The district court found Robaina's trial testimony "went beyond . . . merely justifying

11

his behavior" and "showed a consistent and calculated effort to misrepresent his behavior and his role in the offense."

The Guidelines provide that a defendant's offense level can be enhanced by two levels if he willfully obstructed or impeded a prosecution and his obstructive conduct related to his offense of conviction. U.S.S.G. § 3C1.1. A defendant obstructs justice when he commits perjury, which is "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Duperval*, 777 F.3d 1324, 1337 (11th Cir. 2015) (quotation marks omitted). Testimony is material where, if believed, it would tend to influence or affect the issue under determination. U.S.S.G. § 3C1.1, comment (n. 6). Typically, material testimony goes to the issue of a defendant's guilt. *See United States v. McKinley*, 732 F.3d 1291, 1297–98 (11th Cir. 2013).

Here, the district court did not err in determining Robaina obstructed the prosecution of his case by providing deliberately misleading testimony. At trial, Robaina represented that: (1) he was not aware of any fraud occurring at Culumbia; (2) he rarely went to visit Culumbia's and Esmeralda Medical's offices; (3) he did not pay recruiters to bring patients to Culumbia; and (4) he did not know Culumbia's patients were not receiving treatments. Those representations were directly contradicted by the testimony of other participants in the conspiracy,

12

including Hernandez.  And the representations were unquestionably material, as they went to the core issue of his guilt: whether he conspired to commit healthcare fraud.  *See id.* at 1297–98.

Accordingly, we affirm the district court's guidelines calculation and the resultant sentence the court imposed.

## IV.  CONCLUSION

For the reasons discussed above, we affirm Robaina's convictions and sentences.

**AFFIRMED.**